**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF WISCONSIN**

| | |
|---|---|
| ANESIS CENTER FOR MARRIAGE AND FAMILY THERAPY, LLC; SUPPORTIVE HANDS HEALING MINDS LLC; and VILLAGE PRIMARY CARE PROVIDERS, LLC, individually and on behalf of similarly situated individuals,<br><br>*Plaintiffs*,<br><br>v.<br><br>UnitedHealth Group Incorporated; United HealthCare Services, Inc.; Optum Insight, Inc.; Change Healthcare Inc.; Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC; Change Healthcare Holdings, Inc.; Change Healthcare Technologies, LLC; Change Healthcare Pharmacy Solutions, Inc.; Optum, Inc.; Optum Financial, Inc.; Optum Bank; and Optum Pay,<br>*Defendants*. | REMOVED FROM CIRCUIT COURT,<br>DANE COUTY, WISCONSIN<br>CASE NO. 2026CV000541<br><br>Civil Action No. 26-319 |

**NOTICE OF REMOVAL**

Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., OptumInsight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay (collectively "Defendants") file this Notice of Removal in accordance with 28 U.S.C. §§ 1332, 1441, and 1446, and remove this action from the State of Wisconsin Circuit Court of Dane County, to the United States District Court for the Western District of Wisconsin. As its reasons for removal, Defendants state:

## BACKGROUND

1. By Summons and Complaint, Plaintiffs Anesis Center for Marriage and Family Therapy, LLC, Supportive Hands Healing Minds, LLC, and Village Primary Care Providers, LLC (collectively "Plaintiffs") commenced a civil action against Defendants in the State of Wisconsin Circuit Court of Dane County, case number 2026CV000541, filed on February 13, 2026 (the "State Court Action"). A true and accurate copy of the Summons and Complaint that Plaintiff caused to be served upon Defendants is attached as **Exhibit A** and constitutes all processes, pleadings, and orders served upon Defendants in this action to the present date. 28 U.S.C. § 1446(a).[1]

2. Defendants accepted service of the Summons and Complaint in the State Court Action and signed a Stipulation of Acceptance of Service on April 2, 2026 ("Stipulation"). By the terms of the Stipulation, Defendants, through counsel, accept service of the Summons and Complaint in the above captioned action as of the date the Stipulation is filed. As of today, the Stipulation has not been filed in the State of Wisconsin Circuit Court of Dane County The instant Notice of Removal is being filed within thirty (30) days of the service date. 28 U.S.C. § 1446(b).

3. Attached as **Exhibit B** is a copy of the Notice of Filing of Notice of Removal, the original of which is being filed in the State Court Action. 28 U.S.C. § 1446(d).

[1] The Complaint relates to a cyberattack suffered by Defendants on or about February 21, 2024. Over 150 cases have been brought against Defendants and Defendants' parent companies in connection with the same cyberattack. On June 7, 2024, the Judicial Panel for Multistate Litigation (JPML) instituted a Multi-District Litigation in the District of Minnesota to centralize cases arising from the cyberattack for pre-trial proceedings: *In Re: Change Healthcare, Inc. Customer Data Security Breach Litigation*, No. 0:24-md-03108-DWF-DJF (D. Minn.). Defendants are filing, contemporaneously with this Notice of Removal, a Notice of Potential Tagalong with the JPML to consider whether this case should be consolidated as part of the MDL for pre-trial proceedings.

**DIVERSITY JURISDICTION**

4. This Court has diversity jurisdiction over the Complaint, pursuant to 28 U.S.C. § 1332, under both "traditional" diversity (28 U.S.C. § 1332(a)) and diversity under the Class Action Fairness Act (28 U.S.C. § 1332(d)).

**28 U.S.C. § 1332**

5. The Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states and the matter in controversy exceeds the sum or value of $75,000.

6. Plaintiff Anesis Center for Marriage and Family Therapy, LLC ("Anesis") alleges it is a psychotherapy practice located and registered in Madison, Wisconsin. Compl. ¶ 270. Plaintiff Anesis is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all of its members. See *Thomas v. Guardsmark, LLC*, 487 F.3d 531, 534 (7th Cir. 2007). According to the Wisconsin Secretary of State's Office, Plaintiff Anesis is a domestic limited liability company, with a principal office address in Madison, Wisconsin and was registered on January 19, 2016. Additionally, Counsel for Plaintiff Anesis stated and represented to Counsel for Defendants that for purposes of diversity jurisdiction, Plaintiff Anesis and all of its members are citizens of Wisconsin. Accordingly, Plaintiff Anesis is a citizen of Wisconsin for purposes of diversity jurisdiction.

7. Plaintiff Supportive Hands Healing Minds, LLC ("Hands") alleges it is a mental health services practice located and registered in Beloit, Wisconsin. Compl. ¶ 277. Plaintiff Hands is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. *Thomas*, 487 F.3d at 534. According to the Wisconsin Secretary of State's Office, Plaintiff Hands is a domestic liability company with a principal office address in

Beloit, Wisconsin. Plaintiff Hands was registered with the state of Wisconsin on January 22, 2023. Additionally, Plaintiffs' Counsel has stated and represented to Defendants' Counsel that for purposes of diversity jurisdiction, Plaintiff Hands and all of its members are citizens of Wisconsin. Accordingly, Plaintiff Hands is a citizen of Wisconsin for purposes of diversity jurisdiction.

8. Plaintiff Village Primary Care Providers, LLC ("Village") alleges it is a primary care practice located and registered in Palmyra, Wisconsin. Compl. ¶ 285. Plaintiff Village is a limited liability company. The citizenship of a limited liability company is determined by the citizenship of all its members. *Thomas*, 487 F.3d at 534. According to the Wisconsin Secretary of State's Office, Plaintiff Village was registered on January 2, 2018, has a principal office address in Palmyra, Wisconsin, and is a domestic limited liability company. In addition, Plaintiffs' Counsel has stated and represented to Defendants' Counsel that for purposes of diversity jurisdiction, Plaintiff Village and all of its members are citizens of Wisconsin. Accordingly, Plaintiff Village is a citizen of Wisconsin for purposes of diversity jurisdiction.

9. Defendant UnitedHealth Group Incorporated is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant UnitedHealth Group Incorporated is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

10. Defendant United HealthCare Services, Inc. is a corporation formed under the laws of Minnesota and its principal place of business is in Minnesota. Accordingly, Defendant United HealthCare Services, Inc. is a citizen of Minnesota for purposes of diversity jurisdiction.

11. Defendant Change Healthcare Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

12. Defendant Change Healthcare Holdings, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Holdings, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

13. Defendant Change Healthcare Pharmacy Solutions, Inc. is a corporation formed under the laws of Maine and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Pharmacy Solutions, Inc. is a citizen of Maine and Minnesota for purposes of diversity jurisdiction.

14. Defendant Optum, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

15. Defendant OptumInsight, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant OptumInsight, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

16. Defendant Optum Financial, Inc. is a corporation formed under the laws of Delaware and its principal place of business is in Minnesota. Accordingly, Defendant Optum Financial, Inc. is a citizen of Delaware and Minnesota for purposes of diversity jurisdiction.

17. Defendant Optum Bank, Inc. is a corporation formed under the laws of Utah and its principal place of business is in Utah. Accordingly, Defendant Optum Bank, Inc. is a citizen of Utah for purposes of diversity jurisdiction.

18. Defendant Change Healthcare Operations, LLC is a Delaware limited liability company. The citizenship of a limited liability company is determined by its members. *Thomas* 487 F.3d at 534 (7th Cir. 2007) (citation omitted). The sole member of Change Healthcare

Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Operations, LLC is a citizen of Delaware and Minnesota for diversity purposes.

19. Defendant Change Healthcare Solutions, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Solutions, LLC is Change Healthcare Operations, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Operations, LLC is Change Healthcare Holdings, Inc. Change Healthcare Holdings, Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Solutions, LLC is a citizen of Delaware and Minnesota for diversity purposes.

20. Defendant Change Healthcare Technologies, LLC is a Delaware limited-liability company. The sole member of Change Healthcare Technologies, LLC is Change Healthcare Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Holdings, LLC is Change Healthcare Intermediate Holdings, LLC, a Delaware limited-liability company. The sole member of Change Healthcare Intermediate Holdings, LLC is Change Healthcare LLC, a Delaware limited-liability company. The sole member of Change Healthcare LLC is Change Healthcare Holdco Inc. Change Healthcare Holdco Inc. is incorporated in the State of Delaware, and its principal place of business is in Minnesota. Accordingly, Defendant Change Healthcare Technologies, LLC is a citizen of Delaware and Minnesota for diversity purposes.

21. Defendant Optum Pay is not a legal entity, and its citizenship has no impact on diversity jurisdiction. Plaintiff admits Optum Pay is not a legal entity. *See* Compl. ¶ 30; *see also* Mem. Op. and Order, *In Re: Change Healthcare, Inc. Customer Data Sec. Breach Litig.*, No. 0:24-

md-03108 (D. Minn.), Dkt. 483 at 14 n.9 ("Optum Pay is not a legal entity and therefore cannot be sued").

22. Because Plaintiffs are citizens of Wisconsin and Defendants are citizens of Delaware, Maine, Minnesota, and Utah, complete diversity exists between Plaintiff and Defendants.

23. Although the Complaint does not specify the precise amount of damages sought, the preponderance of the evidence shows that the amount in controversy exceeds $75,000. The Complaint alleges that Plaintiff Anesis was unable to submit claims, receive ERAs, and receive payment for its medical care to patients. Compl, ¶ 272. Plaintiff Anesis further alleges it suffered monetary losses such as rejected and/or delayed payments for medical care and spent significant time and resources investigating the network outage and alternative methods to receive payment for medical care. Compl. ¶ 273. Plaintiff Anesis allegedly had to participate in Defendants' Temporary Funding Assistance Program ("TFAP") and received an advance of $689, 200. Compl. ¶ 274.

24. Plaintiff Hands alleges it did not receive the services it paid for from Defendant Change, suffered monetary losses via rejected and/or delayed payments for medical care, and spent significant time and resources investigating the network outage and alternative methods to receive payment for medical care. Compl. ¶ 280. Plaintiff Hands further alleges that it was forced to participate in Defendants' TFAP and received an advance of $9,000. Compl. ¶ 281.

25. Plaintiff Village alleges it was unable to submit claims, receive ERAs, and receive payment for its care to patients due to the network outage. Compl. ¶ 287. Plaintiff Village further alleges it suffered monetary losses such as rejected and/or delayed payments for care and spent significant time and resources investigating the network outage and alternative methods to receive

payment for medical care. Compl. ¶ 288. Plaintiff Village allegedly was forced to participate in Defendants' TFAP and received an advance of $575,000. Compl.¶ 290. Plaintiff Village further alleges that Defendants have improperly garnished over $170,000 from Plaintiff Village. Compl. ¶ 295. Plaintiffs also are seeking treble, and/or punitive or exemplary damages. Compl. Request for Relief.

26. Therefore, Defendants assert in good faith that the amount in controversy exceeds $75,000 in value. *See* 28 U.S.C. § 1446(c)(2).

**28 U.S.C. § 1332(d)**

27. This Court also has jurisdiction over the Complaint pursuant to the Class Action Fairness Act, 28 U.S.C. § 1332(d), because the Complaint is a class action, at least one member of the class (Plaintiff) is a citizen of a state different from Defendants, Defendants are not a State, State official, or other governmental entity, the number of members of the proposed plaintiff class is not less than 100, and the amount in controversy exceeds the sum or value of $5,000,000.

28. Plaintiffs allege they are each citizens of Wisconsin, while Defendants are citizens of Delaware, Minnesota, Utah, and Maine. Thus, at least minimum diversity exists.

29. The Complaint alleges that Defendants' Change Platform "is connected to more than 800,000 providers" and "involved in one in every three patient records." Compl ¶ 302. Since Plaintiffs seek to represent a nationwide class of providers, the number of members of the proposed class is greater than 100. Compl. ¶ 298.

30. Furthermore, the amount in controversy is more than $5,000,000. The Complaint alleges that "providers did not timely receive billions of dollars in earned reimbursements." Compl. ¶ 5. Since Plaintiff seeks to represent a nationwide class of providers, the amount in controversy exceeds $5,000,000.

31. Because the requirements for diversity jurisdiction are satisfied, this Court has jurisdiction over all claims and parties pursuant to 28 U.S.C. § 1332(a) and (d). The Complaint is properly removed pursuant to 28 U.S.C. §§ 1441 and 1446.

**REMOVAL TO THIS DISTRICT IS PROPER**

32. This Notice of Removal is being filed in the Western District of Wisconsin, the District Court of the United States for the district and division within which the State Court Action is pending. 28 U.S.C. § 130(b); 28 U.S.C. §§ 1441(a) and 1446(a).

33. WHEREFORE, Defendants respectfully request that the State Court Action be removed and proceed in the United States District Court for the Western District of Wisconsin

Dated: April 10, 2026

Respectfully submitted,

*/s/ Alyssa Schaefer*
Alyssa Schaefer (WI #1113064)
schaefer.alyssa@dorsey.com
50 South Sixth Street, Suite 1500
Minneapolis, MN 55402
Telephone: (612) 340-2600
Facsimile: (612) 340-2868

*Counsel for Defendants UnitedHealth Group Incorporated, United HealthCare Services, Inc., Optum Insight, Inc., Change Healthcare Inc., Change Healthcare Operations, LLC, Change Healthcare Solutions, LLC, Change Healthcare Holdings, Inc., Change Healthcare Technologies, LLC, Change Healthcare Pharmacy Solutions, Inc., Optum, Inc., Optum Financial, Inc., Optum Bank, Inc., and Optum Pay*

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing document, which was filed with the Court through the CM/ECF system, will be sent electronically to the following parties:

Timothy W. Burns (WI Bar # 1068086)
Nathan M. Kuenzi (WI Bar # 1112795)
**BURNS BAIR LLP**
10 E Doty St., Suite 600
Madison, WI 53703
Telephone: (608) 286-2808
tburns@burnsbair.com
nkuenzi@burnsbair.com

Adam Polk (CA Bar # 273000)
**GIRARD SHARP**
601 California St., Suite 1400
San Francisco, CA 94108
Telephone: (415) 981-4800
apolk@girardsharp.com

*Attorneys for Plaintiff*

Dated: April 10, 2026

*/s/ Alyssa Schaefer*________________
Alyssa Schaefer